**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| John Nesse and Tim Mackey as Trustees of the Minnesota Laborers Health and Welfare Fund, Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Pension Fund, Tammy Braastad and Todd Pufahl as Trustees of the Minnesota Laborers Vacation Fund, Todd Pufahl and Fred Chase as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Mark Ryan and Dave Borst as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust,<br><br>       Plaintiffs,<br><br>v.<br><br>Sullivan Riehm Construction, LLC,<br><br>       Defendant. | Civil No: 17-269 (DWF/DTS)<br><br><br><br>**ORDER FOR**<br>**ENTRY OF JUDGMENT** |

This matter was heard before the undersigned on June 30, 2017. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs.

## FINDINGS OF FACT

1. The Amended Complaint was filed with the Court on March 22, 2017.

2. The Amended Complaint was served on Defendant Sullivan Riehm Construction, LLC ("Sullivan Riehm") by the Minnesota Secretary of State on March 24, 2017.

3. Sullivan Riehm failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for Sullivan Riehm to answer the Complaint lapsed.

4. The Clerk entered default on April 17, 2017.

5. Plaintiffs are Trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("the Funds").

6. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1974 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

7. The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq.* ("ERISA").

8. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

9. Sullivan Riehm accepted and agreed to be bound to the terms of a collective bargaining agreement negotiated between the Highway, Railroad, and Heavy Construction Division of the Associated General Contractors of Minnesota and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated local Unions covering the period of May 5, 2014 through April 30, 2017. Sullivan Riehm is also bound to the terms of a collective bargaining agreement negotiated between a multi-employer bargaining committee of Landscape contractors and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated local Unions, covering the period of May 1, 2014 through April 30, 2017 ("CBAs").

10. The CBAs require Sullivan Riehm to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBAs for each hour worked by employees covered by the CBAs.

11. The CBAs require Sullivan Riehm to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with their monthly payment to the Funds.

12. The CBAs state that Sullivan Riehm shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

13. Finally, the CBAs require Sullivan Riehm to promptly furnish to the Trustees of the Funds or their authorized agents on demand, a complete set of all relevant employment and payroll records, including but not limited to federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or such similar state-required quarterly reports, time cards, payroll and check registers.

14. The Funds' authorized agent requested that Sullivan Riehm provide its employment and payroll records for the period of May 1, 2014 through December 31, 2015 ("Audit Period").

15. Sullivan Riehm produced its payroll and employment records for the Audit Period and the Funds' authorized agent determined that there were hours worked by Sullivan Riehm's employees covered by the CBAs for which Sullivan Riehm did not submit contributions to the Funds.

16. The Funds' Auditor reviewed the payroll and employment records prepared and maintained by Sullivan Riehm, and determined that $14,883.42 is due and owing to the Funds for the Audit Period.

17. The CBAs provide that if a payment for contributions is not submitted to the Funds on or before the fifteenth day of the month following the month for which the contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

18. Liquidated damages in the amount of $1,488.34 is due and owing to the Funds for the Audit Period.

19. Additionally, the CBAs provide that Sullivan Riehm is liable to the Funds for interest charges on the unpaid contributions.

20. The Funds' Collection Policy further provides for the collection of interest at a rate equal to the actuarial assumed rate of return for the Minnesota Laborers Pension Fund plus .5 percent when an auditor determines a discrepancy of five percent or greater than the total contributions remitted by the employer in a 12-month period.

21. The current actuarial assumed rate of return for the Minnesota Laborers Pension Fund is 7.5 percent. As such, the Funds are entitled to interest on the unpaid contributions at a rate of 8 percent annually.

22. Interest in the amount of $2,847.70 is due and owing from Sullivan Riehm for the Audit Period.

23. Finally, the CBAs further provide that a delinquent employer shall be required to pay all attorney fees and court costs incurred by the Funds in collecting amounts due.

24. The Funds incurred $2,156.37 in attorney fees and costs in pursuing this delinquency. Those fees and costs were reasonable under the circumstances and limited to performing those services necessary for the prosecution of the claims.

## CONCLUSIONS OF LAW

1. Sullivan Riehm is in default and the Funds are entitled to entry of judgment.

2. Sullivan Riehm is liable to the Funds in the amount of $14,883.42 for unpaid contributions for the Audit Period.

3. Sullivan Riehm is liable to the Funds in the amount of $5,695.40 for double interest for the Audit Period.

4. Sullivan Riehm is liable to the Funds in the amount of $2,156.37 for attorney fees and costs for the Audit Period.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings, herein **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Entry of Judgment (Doc. No. [11]) is **GRANTED**.

2. Judgment in the amount of $22,735.19 is entered against Sullivan Riehm and in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 30, 2017        s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge